UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEMARKULES WILLIAMS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | Case No. 2:15-cv-00845-AKK-HGD |
| ) | |
| HARDY MCCOLLUM, et al., ) | |
| ) | |
| Respondents ) | |

**REPORT AND RECOMMENDATION**

Petitioner, DeMarkules Williams, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that he has been charged in the District Court of Tuscaloosa County with misdemeanor possession of pornography, Case No. DC-2013-02303.00. He avers that he has filed a motion for appointment of counsel and for speedy trial and a demand that he be transported to Tuscaloosa County for trial based on a detainer lodged against him.[1] He alleges that the Tuscaloosa County Assistant District Attorney has advised him that counsel will not be appointed and the criminal proceedings concluded until petitioner has served his sentence for robbery,

---

[1] The Tuscaloosa County Sheriff's Office formally placed a detainer against petitioner on July 23, 2013.

for which he is currently incarcerated. He asks that this court order respondents to transport him to Tuscaloosa County, appoint counsel to represent him, and afford him a trial.

The court notes that petitioner filed a prior petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 25, 2014. *Williams v. State of Alabama, et al.*, Case No. 7:14-cv-00830-SLB-HGD (N.D.Ala.). In that petition, he alleged that he was being held on pending charges in Tuscaloosa County of distribution of pornography. He claimed that he had been held for over nine months on the charges without adjudication. He asked the court to order the state court to afford him a prompt trial on the charges.

In a report and recommendation entered May 20, 2014, the court took judicial notice of the record of petitioner's case on alacourt.com.[2] The records for Case No. DC-2013-2303 at that time showed that petitioner was arrested on July 31, 2013, and charged with distribution of pornography to a minor, in violation of *Ala. Code* § 13A-12-200.5(1). On August 27, 2013, the district court set petitioner's bond at

---

[2] *See United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts."); Fed.R.Evid. 201.

$6000.[3] The case action summary for petitioner's case as of May 20, 2014, did not show that he had counsel, nor that he had requested a preliminary hearing or filed any other motion in the district court. Because petitioner had not filed in state court any motion for a preliminary hearing, motion for speedy trial, petition for writ of habeas corpus pursuant to *Ala. Code* § 15-21-1, *et seq.*, seeking a speedy trial, or any petition for writ of mandamus pursuant to Rule 21 of the Alabama Rules of Appellate Procedure with the Alabama Court of Criminal Appeals seeking an order that he be tried immediately or that the case against him otherwise proceed, it was recommended that the habeas corpus petition be dismissed without prejudice to allow petitioner to pursue available state remedies. The district court adopted and accepted the report and recommendation over petitioner's objections on July 21, 2014.

The records of petitioner's case on alacourt.com show that on June 5, 2014, the case was set on the Tuscaloosa County District Court's plea docket on June 25, 2014; however, it does not appear that any hearing took place on that date. Petitioner filed a motion to appoint counsel and a motion for speedy trial on November 5, 2014, but there has been no ruling on either motion. On March 27, 2015, petitioner filed a motion to dismiss the charges against him with prejudice, asserting that Alabama

---

[3] The records for petitioner on alacourt.com reveal that he has previous convictions for third degree robbery, first degree robbery, second degree promoting prison contraband, and second degree escape.

Code § 15-3-2 requires that the charges against him be dismissed because prosecution of him has not commenced within a year of the offense. There also has been no ruling on the motion to dismiss.

## DISCUSSION

Rule 4 of the *Rules Governing § 2254 Cases* allows a habeas corpus petition to be dismissed summarily by a district court if it plainly appears from the face of the petition that the petitioner is not entitled to any relief. In *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), the Supreme Court held that a petitioner may bring a pretrial habeas challenge to the violation of his right to a speedy trial and "demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." A federal habeas petitioner, however, first must exhaust his available state-court remedies. *See* 28 U.S.C. § 2254(b)(1); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) (holding that the exhaustion requirement applies to all habeas corpus actions). A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has a right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845, 119 S.Ct. at 1732.

Despite petitioner's filing of a motion for speedy trial in the state district court, there is no indication that he has filed a petition for writ of habeas corpus pursuant to *Ala. Code* § 15-21-1, *et seq.*, seeking a speedy trial,[4] or any petition for writ of mandamus pursuant to Rule 21 of the Alabama Rules of Appellate Procedure with the Alabama Court of Criminal Appeals seeking an order that he be tried immediately or that the case against him otherwise proceed. Therefore, he still has failed to exhaust available state remedies.

Based on the foregoing, it is RECOMMENDED that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE to allow petitioner to pursue available state remedies.

---

[4] *See Aaron v. State*, 497 So.2d 603 (Ala.Crim.App. 1986) (state habeas corpus applies to contest intrastate detainer).

## NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.** Failure to do so will bar any later challenge or review of the factual findings of the magistrate judge, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982) (*en banc*), *overruled by Douglass v. United Service Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), *superseded by statute* Federal Magistrates Act, Pub.L. No. 111-16, 123 Stat. 1608 (codified as amended at 28 U.S.C. § 636(b)(1) (2009); *see Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions

of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 11th day of June, 2015.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE