FILED

2015 Jul-14  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEMARKULES WILLIAMS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Case No. 2:15-cv-00845-AKK-HGD |
| | ) | |
| HARDY McCOLLUM, et al., | ) | |
| | ) | |
| Respondents | ) | |

## DISMISSAL ORDER

On June 11, 2015, the magistrate judge's report and recommendation was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the magistrate judge. On June 20, 2015, petitioner filed objections to the magistrate judge's report and recommendation.

The magistrate judge recommended that the habeas corpus petition be dismissed without prejudice because petitioner has not exhausted available state remedies with respect to his claims. The magistrate judge noted that state court records showed that petitioner had filed a motion for speedy trial in the state district court; however, there was no indication that he had filed a petition for writ of habeas

corpus pursuant to *Ala. Code* § 15-21-1, *et seq*., seeking a speedy trial,[1] or any petition for writ of mandamus pursuant to Rule 21 of the Alabama Rules of Appellate Procedure with the Alabama Court of Criminal Appeals seeking an order that he be tried immediately or that the case against him otherwise proceed.

In his objections, petitioner asserts that he is not required to exhaust every remedy created by the state. He avers that he mailed a petition for writ of habeas corpus to the Circuit Court of Tuscaloosa County on December 31, 2014, but that court does not have any record of the filing. However, petitioner also provides with his objections a copy of an order dated May 19, 2015, transferring the habeas corpus petition to the Criminal Division of the Circuit Court of Jefferson County, Bessemer Division. This is consistent with *Ala. Code* § 15-21-6(b), which provides that a state habeas corpus petition is to be addressed to the nearest circuit court judge. Because petitioner is incarcerated in William E. Donaldson Correctional Facility, the nearest circuit court judge would be in Jefferson County, Bessemer Division. Further, there is no indication that petitioner has sought a petition for writ of mandamus pursuant to Rule 21 of the Alabama Rules of Appellate Procedure with the Alabama Court of Criminal Appeals seeking an order that he be tried immediately or that the case

---

[1] *See Aaron v. State*, 497 So.2d 603 (Ala.Crim.App. 1986) (state habeas corpus applies to contest intrastate detainer).

against him otherwise proceed.  Thus, he still has failed to exhaust available state remedies or otherwise show that the remedies available are ineffective to protect his rights.  *See* 28 U.S.C. § 2254(b)(1)(B)(ii).

After careful consideration of the record in this case, the magistrate judge's report and recommendation and petitioner's objections thereto, the court hereby ADOPTS the report of the magistrate judge.  The court further ACCEPTS the recommendations of the magistrate judge.  It is, therefore, ORDERED, ADJUDGED and DECREED that this action is due to be and hereby is DISMISSED WITHOUT PREJUDICE to allow petitioner to exhaust available state remedies with respect to his claims.

DONE this 14th day of July, 2015.


**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE